(5 App. Div. 604)

WOODBRIDGE v. MARKS.

(Supreme Court, Appellate Division, Third Department. May 21, 1896.)

VICIOUS DOGS—ACTION AGAINST OWNER—PLEADING.

    A complaint for injuries caused by the bite of a vicious dog owned by defendant need not expressly charge defendant with negligence in keeping the dog, since it is a nuisance to allow a vicious dog to run at large, and the fact that it bites a person raises a presumption that it was not securely kept.

Appeal from special term, Essex county.

Action by William R. Woodbridge against William D. Marks for injuries to plaintiff caused by the bite of dogs which plaintiff alleged were wrongfully kept by defendant, "well knowing them to be of ferocious, vicious, and mischievous dispositions, and accustomed to attack and bite mankind." From an interlocutory judgment entered on an order overruling a demurrer to the complaint, interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action (36 N. Y. Supp. 81), defendant appeals. The notice of appeal also stated that defendant intended to bring up for review the order and decision directing the entry of the judgment. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Richard L. Hand, for appellant.
F. A. Rowe, for respondent.

LANDON, J. The complaint does not expressly charge that the defendant was guilty of negligence in the care or keeping of his vicious dogs, and this omission is the ground of the demurrer to it. The plaintiff claims that the keeping of a dog known to its owner to be vicious and accustomed to attack and bite mankind is a nuisance, and that it is unnecessary to charge negligence. A vicious dog running at large is a nuisance, because dangerous to mankind. It follows that whoever keeps such a dog, and allows him to be at large, maintains the nuisance. Stated as above, it would seem to follow that, in order to charge the master of the vicious dog with liability, the complaint should state that he allowed the dog to run at large. But the authorities authorize the proposition to be stated in such way as to put the burden upon the master of showing that he securely kept his vicious dog. Thus, a vicious dog is a nuisance, except when securely kept from biting mankind. If a vicious dog bites a person, the presumption is that he was not securely kept. Brice v. Bauer, 108 N. Y. 428, 15 N. E. 695. If these propositions are correctly stated, then the complaint need not negative the exception, but it must be alleged in the answer. We think the clear weight of authority in this state is in favor of the sufficiency of this complaint. Kelly v. Tilton, *42 N. Y. 263; Muller v. McKesson, 73 N. Y. 195; Lynch v. McNally, Id. 347. It is true that in none of these cases did the question arise upon the sufficiency of the pleadings, and that in each one of them it affirmatively appeared that the owner of the vicious dog failed to securely keep him. But in these cases, and the cases therein cited, the grounds of the liability of the owner for injuries done by his vicious dog are very fully examined, and from them we deduce the above propositions. There is usually an element of negligence in such cases. Thus, the master of a vicious dog is ordinarily not liable to the person bitten, the dog not trespassing upon the latter's premises, unless the master had notice of the vicious propensity of his dog. Of course, the knowledge of the master is not an essential of the

nuisance, but of his liability for it. It is not the usual habit of dogs to be vicious, especially in the presence of their masters; and notice is necessary in order to charge the master with the duty of suppressing or abating the nuisance, i. e. the dog. The burden of showing this notice is upon the plaintiff, and hence he must plead it. The plaintiff has done so in the case before us. In May v. Burdett, 9 Adol. & El. (N. S.) 101, cited in Earl v. Van Alstine, 8 Barb. 630, the declaration alleged that the defendant wrongfully kept a monkey, well knowing that it was of a mischievous and ferocious nature and accustomed to bite mankind, and that the said monkey. did bite the plaintiff's wife, but the declaration did not aver that the defendant was guilty of negligence. The plaintiff had a verdict, and a motion to set it aside was denied, partly because made after verdict, but the court also held that negligence was proved by proving the facts alleged. Under our system of pleading, the complaint is a statement of the facts constituting the cause of action.. If proof of the facts alleged is proof of negligence, then the facts alleged constitute a sufficient charge of negligence. ˙ We think the complaint sufficiently charges that the defendant knowingly maintained a nuisance, by which the plaintiff was damnified; that, so far as negligence of the defendant is an essential to his liability, it is implied in the statement of the complaint; and that it remains with the defendant to answer the charge. Interlocutory judgment affirmed, with costs, with the usual leave to the defendant to answer upon payment of costs in this court, and as awarded below.

Interlocutory judgment affirmed, with costs, with leave to defendant to answer within 20 days, upon payment of costs of this appeal, and of the costs as awarded in the court below. All concur.